IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Janet Davis,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>Cracker Barrel Old Country Store, Inc. f/k/a CBOCS EAST, Inc. f/k/a CBOCS, Inc.,<br><br>                    Defendant(s). | **COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

The Plaintiff would respectfully show unto the Court that:

1. Plaintiff is a citizen and resident of Sumter County, South Carolina.

2. Plaintiff is informed and believes that the Defendant, Cracker Barrel Old Country Store, Inc. f/k/a CBOCS EAST, Inc. f/k/a CBOCS, Inc. (hereinafter "Cracker Barrel") is a Tennessee Corporation headquartered in Lebanon, Tennessee, and recognized by the State of North Carolina as being authorized to conduct business within the state of North Carolina. Defendant Cracker Barrel maintains locations and conducts business throughout the state of North Carolina, including locations in the Middle District of North Carolina and across other states under the trade name Cracker Barrel Old Country Store f/k/a CBOCS EAST, Inc. f/k/a CBOCS, Inc. Defendant Cracker Barrel maintains a registered agent for the service of process in CT Corporation System, 160 Mine Lake Court, Suite 200, Raleigh, NC 27615.

3. On or about November 2, 2013, Plaintiff entered the subject premises as a business invitee of Defendant Cracker Barrel at their location at 1175 Copperfield Blvd. NE, Concord, North Carolina, Store #249. As Plaintiff was shopping on the premises, and as a direct

and proximate result of dangerous and defective conditions then existing with warnings or markings, Plaintiff struck her leg on a display rack that upon information and belief, was constructed, placed and maintained by employees of Defendant Cracker Barrel, thereby seriously injuring herself.

4. Defendant Cracker Barrel's restaurant and store was open to the public for business at the time of the complained incident. Plaintiff was a business invitee onto the Defendant's premises. Defendant owed the Plaintiff and all other shoppers the duty to discover and warn of dangerous conditions on the premises and thereafter make them safe, which Defendant failed to do.

5. The Court has jurisdiction over this diversity action and venue is proper in the Middle District of North Carolina, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §1391 (b)(2), because the acts and omissions that are at issue in the present action occurred and involve the business of the Defendant Cracker Barrel at their place(s) of business in the Middle District of North Carolina and the amount in controversy exceeds $75,000.00.

6. Defendant Cracker Barrel and one or more of its agents or employees under their control and supervision were negligent or reckless in one or more of the following ways:

    a. In failing to warn customers, the Plaintiff in particular, of the dangers then and there existing which it was aware or should have been aware of by reasonable examination;

    b. In failing to properly monitor, examine, and inspect the floor, its display racks and other items displayed throughout the store;

    c. In failing to keep the building and subject premises free of any hazards;

d. In being on notice of a dangerous condition and permitting it to remain on the floor in the direct path of people shopping in the building;

e. In creating a dangerous condition on the floor in the direct path of people shopping in the building;

f. In failing to exercise reasonable care in discovering dangerous conditions on its premises;

g. In failing to exercise reasonable care to prevent the foreseeable injuries to a business invitee on its premises in the areas such individuals frequented or could reasonably be expected to frequent; and

h. In failing to maintain its premises in a reasonably safe condition.

7. As a direct result of the Defendant's negligent, grossly negligent, willful, wanton and reckless acts, the Plaintiff sustained the following injuries and damages:

a. extensive pain, mental anguish, immobility and discomfort;

b. total disability for a period of time;

c. money spent for medical care and treatment and prescription charges;

d. inability to carry on normal activities;

e. loss of enjoyment of life;

f. permanent injuries and/or disability; and

g. permanent scarring.

8. The careless, negligent, grossly negligent, willful, wanton, reckless and unlawful acts of Defendant were the direct and proximate cause of the accident and resulting injuries and damages.

9. The Plaintiff is informed and believes that she is entitled to judgment against the Defendant for actual damages in an appropriate amount.

WHEREFORE, the Plaintiff prays judgment against the Defendant for actual damages in an appropriate amount in excess of $75,000.00, the costs of this action, and for such other and further relief as the Court may deem just and proper.

HARRIS AND GRAVES, P.A.


 /S/ S. HAMPTON EADON, III
S. HAMPTON EADON, III
Attorney for Plaintiff
Federal Bar No. 10299
P.O. Box 11566
Columbia, SC  29211
(803) 799-2911
*she@harrisgraves.com*

Columbia, South Carolina

Dated:  November 1, 2016

4